UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONAH AMSEL,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS G. GERRARD, et al.,<br><br>    Defendants. | Case No. 2:16-cv-00999-RFB-EJY<br><br>ORDER |
| JULIO RIVERA,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS G. GERRARD, et al.,<br><br>    Defendants. | Case No. 2:16-cv-01005-RFB-GWF<br><br>ORDER |
| EDUARDO MALTMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS G. GERRARD, et al.,<br><br>    Defendants. | Case No. 2:16-cv-01007-RFB-GWF<br><br>ORDER |

**INTRODUCTION**

Before the Court are two motions: the parties' joint motion for approval of a Fair Labor Standards Act ("FLSA") Settlement Agreement (ECF No. 238) and a Motion for Attorney's Fees and Costs by Plaintiffs Jonah Amsel, Julio Rivera, and Eduardo Maltman (ECF No. 239). For the reasons stated below, both motions are granted.

## I.   PROCEDURAL BACKGROUND

The Court incorporates by reference the facts and procedural history as iterated in its September 30, 2018 Order. ECF No. 193, and emphasizes the following:

Amsel filed an Amended Complaint with Jury Demand in the Eighth Judicial District Court District Court on February 24, 2016, alleging violations of the Fair Labor Standards Act ("FLSA") requirements for minimum wage and overtime pay against Gerrard, Mr. Aristotelis Eliades (Mr. Eliades), and Dolores Eliades ("Ms. Eliades") (collectively with Mr. Eliades, "the Eliades Defendants"). ECF No. 1-1.  The case was removed to this Court on May 4, 2016. ECF No. Rivera and Maltman filed similar cases in state court, which were removed to federal court (2:16-cv-01007-RFB-GWF, Maltman v. Eliades et al.; 2:16-cv-01005-RFB-GWF, Rivera v. Gerrard, et al.). Because the three cases involve similar parties, the same claims, and nearly identical factual allegations, they were consolidated on June 6, 2016.  ECF No. 24.  The Court held a hearing on Motions to Dismiss and other non-dispositive motions on February 21, 2017 and denied the Motions to Dismiss on the record.  ECF No. 98.  Plaintiffs filed Motions to Bifurcate Trial and Discovery with regard to Ms. Eliades' Crossclaims, Mr. Eliades' Third Party Complaint, and Ms. Eliades' Third Party Complaint. ECF Nos. 113–115, 122–123.  The Court granted these motions on February 9, 2018.  ECF No. 192.  On September 19, 2017, Gerrard filed a Motion for Summary Judgment on Amsel's and Rivera's claims, and a separate Motion for Summary Judgment on Maltman's claims. ECF Nos. 151–152. The Eliades Defendants joined to Gerrard's Motion for Summary Judgment. ECF No. 158, 163.  On February 9, 2018, the Court held a hearing on the Motions for Summary Judgment and took the motions under submission.  ECF No. 192.

On September 30, 2018, the Court granted Gerrard's Motion for Summary Judgment, and granted in part and denied in part Plaintiffs' Motion for Partial Summary Judgment. ECF No. 193. Specifically, the Court found the Eliades Defendants were employers to Amsel, Rivera, and Maltman under the FLSA.  Id.  The Court further denied Mr. Eliades' Motion for Summary Judgment, Plaintiffs' Motion for Sanctions, and Plainiffs' Motion in Limine.  Id. The Court ordered the parties to file a joint pretrial order no later than October 15, 2018.   Id.

The Court adds the following background information post-dating its September 30, 2018

1  Order:

2  On October 3, 2018, Judgment was entered in favor of Gerrard, as the Court found he was entitled to quasi-judicial immunity. ECF No. 194. On October 5, 2018, a Bill of costs was filed by Gerrard. ECF No. 195. On October 19, 2018, Plaintiffs opposed the Bill of costs. ECF No. 203. On October 25, 2028, Gerrard replied in support of the Bill of costs. ECF No. 204. On October 10, 2018, the Eliades Defendants and Gerrard filed a proposed stipulation and order to dismiss Third Party Complaints against OGE and OGEAD. ECF No. 196. On October 11, 2018, the Court granted the stipulation. ECF No. 197. On October 19, 2018, the parties submitted a Proposed joint pretrial order. ECF No. 202.

On December 4, 2018, the Eliades Defendants and Gerrard filed a proposed stipulation to vacate the Court's prior order (ECF No. 197) granting their stipulation to dismiss the third-party Complaints against OGE and OGEAD. ECF No. 205. They noted that the Bankruptcy Court declared the receiver's agreement with the Eliades Defendants as premature. Id. On December 13, 2018, the parties submitted a joint motion for a settlement conference. ECF No. 208. On January 30, 2019, the Clerk of Court issued a memorandum regarding the taxation of costs. ECF No. 215. On February 6, 2019, Plaintiffs filed a Motion for the re-taxation of costs. ECF No. 217. On February 7, 2019, a settlement conference was held before Magistrate Judge George Foley, Jr., but no settlement was reached between the parties, and the case was returned to the normal litigation track. ECF No. 218. On September 5, 2019, the Court held a hearing on pending motions. ECF No. 228. The Court made various findings and ruled on the record. Id. The Court denied the Eliades Defendants and Gerrard's request to reinstate the dismissed claims (ECF Nos. 197, 205). Id. The Court granted Plaintiff's Motion for re-taxation of costs and vacated the Clerk's memorandum (ECF No. 215). Id. The Court directed the parties to submit new proposed dates for trial. Id.

On February 5, 2020, the parties submitted a joint status report regarding trial. ECF No. 231. On February 6, 2020, the Court granted the stipulation, set final pretrial deadlines, and set a jury trial in this matter for October 19, 2020. ECF No. 232. On September 18, 2020, the Court revised the trial schedule in light of the Covid-19 pandemic, and set the case for trial on November

16, 2020. ECF No. 233.  On October 22, 2020, the Court vacated the trial schedule, in light of the Covid-19 Pandemic, and postponed the trial to August 16, 2021.  ECF No. 234.  On July 2, 2021, the Court ordered trial counsel to appear for a calendar call before Hon. Andrew P. Gordon on July 20, 2021. ECF No. 235.

On July 20, 2021, Judge Gordon issued a minute of proceeding summarizing that the parties agreed at the Master Trial Scheduling Conference that they were in the process of settling the case. ECF No. 237. Judge Gordan vacated the trial setting in this case and directed the parties to submit a joint status report regarding settlement.  Id. On May 2, 2022, the parties filed a stipulation and joint motion for approval FLSA settlement.  ECF No. 238.  The same day, Plaintiffs also filed a Motion for Attorneys' Fees and Costs.  ECF No. 239.  The Motion was fully briefed on June 17, 2022. ECF Nos. 242, 244.  This order follows.

## II. LEGAL STANDARD

### a. Court Approval of FLSA Settlement (Individual Cases)

The Ninth Circuit has not established criteria that a district court must consider when approving or denying FLSA collective action settlement agreements under 29 U.S.C. § 216(b). See Seminiano v. Xyris Enter., 602 Fed. App'x 682 (9th Cir. 2015) (noting, however, that settlement approval by a court or by the Secretary of Labor is required by the FLSA).  Most courts in this Circuit, however, evaluate the settlement under the standard established by the Eleventh Circuit, which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). The Eleventh Circuit has extended its holding in Lynn's Food to FLSA settlements between former employees and their employers resolving wage claims (i.e., individual FLSA cases).  Nall v. Mal-Motels, 723 F.3d 1304, 1307 (11th Cir. 2013) ("Still, we believe that the rule of Lynn's Food applies to settlements between former employees and employers.").

### b. Motion for Attorneys' Fees and Costs in FLSA Cases

The FLSA contains a mandatory fee- and cost-shifting provision. 29 U.S.C. § 216(b). Because settlement of a FLSA claim results in a stipulated judgment in district court, this provision

4

applies even where parties settle an individual action. Lynn's Food., 679 F.2d at 1354 ("Under 29 U.S.C.S. § 216(b), when employees bring a private action for back wages under the [FLSA], and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). The FLSA also requires court review of legal fees, to assure that counsel is adequately compensated, and no conflict of interest infects the recovery amount within a settlement agreement. Silva v. Miller, 307 Fed. Appx. 349, 2009 WL 73164 (11th Cir. 2009)).

Attorney's fees are generally calculated by the "lodestar" method, whereby a court multiplies the number of hours the prevailing party "reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011). The Ninth Circuit has further held that the lodestar figure is presumed reasonable, however "in rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in Kerr v. Screen Extras Guild, Inc, 526, F.2d 67, 69-70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation." Gates v. Deukmejian, 987 F.2d 1392, 1402 (9th Cir. 1992) (internal citations omitted).

### III. DISCUSSION

#### A. Joint Motion for Approval of the Proposed Settlement Agreement

The Court finds that the parties' Settlement agreement reflects a "reasonable compromise over the issues. Lynn's Food, 679 F.2d at 1352-53. The parties recognized, two months before their proposed trial date, an opportunity for potential settlement and the need for a neutral third party to facilitate that possibility. To that end, the parties engaged in all day mediation with the Honorable Peggy Leen (Ret.). With the assistance of Judge Leen, the parties negotiated a settlement to resolve the matter.

Pursuant to the Proposed Settlement Agreement, Defendants shall pay as backpay of gross wages $21,000.00 to Amsel; $15,000.00 to Rivera, and $36,000.00 to Maltman. As Maltman has an open Chapter 7 Bankruptcy, his payment will go to Lenard E. Schartzer, Trustee; Plaintiffs'

counsel received the consent of the assigned Bankruptcy Judge to represent Maltman's interests in the present action and in settlement negotiations. The net amount paid to each Plaintiff will be determined after deducting state and federal payroll taxes and withholdings. Defendants shall be responsible for payment of their own attorney fees and costs incurred in this action. The parties agree Plaintiffs' counsel is entitled to reasonable attorney fees and costs as all three Plaintiffs are prevailing parties under the FLSA (addressed in Section B, *infra*).

There is a bona fide dispute between the parties as to the existence and scope of Defendant's liability. See Saleh v. Valbin Corp., No. 17-CV-0593-LHK, 2018 U.S. Dist. LEXIS 195348, 2018 WL 6002320, at *2 (N.D. Cal. Nov. 15, 2018) (citing Lynn Food Stores, 679 F.2d at 1353 n.8) ("The purpose of this analysis is to ensure that an employee does not waive claims for wages, overtime compensation, or liquidated damages when no actual dispute exists between the parties."). While the Court determined in evaluating Plaintiffs' partial motion for summary judgment that the Eliades Defendants were in fact employers within the scope of the FLSA, there were disputes of material fact as to whether, and how much, Plaintiffs were owed in missed overtime payment and backpay. See ECF No. 193.

Based on the course of the negotiations, the parties' mutual belief that the settlement is fair, and fact that the settlement resolves the parties' dispute in full, the Court finds the settlement to be fair and reasonable. The parties' settlement was negotiated with the help of Judge Leen (Ret.), a JAMS mediator who, furthermore, has a background in civil disputes similar to this one. The parties reached this agreement on the precipice of trial; they have a good understanding of the merits of their respective positions. There are risks to lower recovery at trial, given the lack of clear bookkeeping by the parties as to the Plaintiffs' many roles as employees for Defendants, and the amount of work for which they were paid or not paid in each role. The release provisions, consistent with Ninth Circuit precedent, is limited to releasing claims that Plaintiffs could have asserted in the instant action; Plaintiffs do not release other claims that "by law cannot be waived by signing [the] Agreement." See ECF No. 238-2 p. 6 (Proposed Settlement Agreement). For these reasons, the Court approves the parties' Joint Motion for Approval of Proposed Settlement Agreement.

### B. Motion for Attorneys' Fees and Costs

To facilitate the Parties' settlement, Plaintiffs' counsel capped the amount of its attorney fees sought in its Motion at $200,000.00. Plaintiffs argue this represents a significant discount from the amount of fees incurred for actual time spent on this case at rates between $250.00 and $275.00 per hour for Ms. Neal, who has been Plaintiffs' primary advocate in this case across this seven-year litigation. However, Plaintiffs' counsel seek full reimbursement for out-of-pocket costs incurred in the amount of $13,184.00. The Parties agreed that the Court's order awarding costs and attorney fees shall be final and binding and further agreed to waive any right to appeal his determination. Furthermore, the Eliades Defendants do not dispute the costs sought, which total $11,226.70. Therefore, the Court limits its review to the requested Attorneys' fees and each of the Eliades Defendants' arguments in opposition.

Plaintiff's counsel, in its motion, used the lodestar method to calculate all fees generated in litigating this action across the last seven years. Plaintiff's counsel are Victoria Neal and James P. Kemp, who together spent 1,172.44 hours working on this seven year litigation; Ms. Neal was the primary advocate on the case. In sum, Plaintiffs' counsel argues that although they are entitled to approximately $310,000.00 in fees, the parties' negotiated settlement has a fee cap of $200,000; therefore, the Court should grant a fees award of $200,000.

The Eliades Defendants argue that the $200,000 cap on fees should not be granted in full, because it does not reflect where Plaintiffs "actually prevailed." They further identify fourteen instances where, in their opinion, Plaintiffs' counsel's fees request is inappropriately large. The Eliades Defendants focus on Gerrard, and argue that they should not have to pay for any work product related to Gerrard, as they are wholly separate from him. Since Gerrard's Motion for Summary Judgment was granted (i.e. Plaintiffs did not "prevail" against Gerrard), the Eliades Defendants argue they should not have to foot the bill for any work Plaintiffs' counsel completed related to Gerrard, his claims for immunity, or anything else in the litigation not involving the Eliades Defendants themselves. They argue further that there should be a "proposed pro rata discovery reduction' because it is "impossible to determine with specificity what discovery is attributable to which defendant" based on Plaintiffs' counsel's bookkeeping. Per their

7

calculations, the Eliades Defendants argue the maximum fees the Court should award in this case is $147,739.56. The only exhibits attached to the Eliades Defendants' opposition are an affidavit of counsel and a summary of her review of Plaintiff's counsel's accounting.

Plaintiffs' counsel replies to these arguments providing detailed accounting for the work completed as to the challenged fourteen fee requests. They argue that for two of the fourteen "issues" identified in the Eliades Defendants' opposition, certain billed amounts should be eliminated entirely: (1) $6,974.00 removed for opposing Gerrard's Bill of Costs (no bearing on the Eliades Defendants and (2) $302.50 erroneously included in the Motion for work done related to Maltman's Bankruptcy proceedings. Plaintiffs' counsel further argues that to the degree the Court finds any merit in the remaining "issues," the reduction in fees should be reduced to varying degrees. Plaintiffs' counsel goes through great lengths to explain the context surrounding each challenged motion, and the work completed therein. They further attach numerous exhibits including emails and communication with current and former opposing counsel in support of their contention. Plaintiffs' counsel argues that if the Court entertains any reductions and eliminations, it would, at most, in the total fees issued to be $274,510.80, which is still much more than the $200,000.00 amount that they argue the Court should grant.

The Court first finds that the Eliades Defendants misunderstand the purpose of attorneys' fees under statutes like the FLSA. "[A]ttorney fees are an integral part of the merits of FLSA cases[.]" Shelton v. M.P. Ervin, 830 F.2d 182, 184 (11th Cir. 1987); see also Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946) ("Obviously Congress intended that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs."). A plaintiff is considered the prevailing party for attorneys' fees purposes if she succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Thorne v. City of El Segundo, 802 F.2d 1131, 1140 (9th Cir. 1986) (internal citation and quotation marks omitted).

Plaintiffs are the prevailing parties here, and this is not the "rare case" where this court should "make upward or downward adjustments to the presumptively reasonable lodestar." Gates, 987 F.2d at 1402 (internal citations omitted). The Eliades Defendants do not expressly name any

1 Kerr factors that they argue the Court should consider beyond the "time and labor" required to the do the work plead by Plaintiffs' counsel and a cursory argument that the instant case was not complex.

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008). Plaintiffs establish the reasonableness of their counsel's hours through declarations and detailed time records. The burden then shifted to the Eliades Defendants to rebut this reasonableness and accuracy with evidence. See Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992). The Eliades Defendants have failed to meet this evidentiary burden, and further misrepresent their relationship with the dismissed Defendant (Gerrard). Furthermore, the records shows that this was a complex FLSA case, involving three separate plaintiffs with individual claims, receivership and bankruptcy issues—both related to Maltman and the Defendants—and nine dispositive motions. The Court agrees with Plaintiffs' counsel that the dismissed Defendant in this case—Gerrard, the Bankruptcy-Court-appointed receiver—admitted he did the bulk of the defense work in this case because he and the Eliades Defendants had a "unified interest" in defeating the claims. Furthermore, the Eliades Defendants explicitly joined motions that Gerrard had prepared; Plaintiffs counsel further notes that as of October 2018, Gerrard and his associates billed attorneys' fees totaling over $250,000.00 for work on this case, which he filed with the Bankruptcy Court (Case No. 12-01091). Additionally, before this Court, Gerrard attempted to notice his appearance as the Eliades' counsel after he was dismissed from the case as a Defendant. Gerrard then informed the Bankruptcy Court that he had accepted indemnification claims so that he could represent the Eliades Defendants; the Bankruptcy Court issued an order prohibiting him from doing so. ECF No. 206. This Court denied Defendants' request to reinstate those claims. ECF No. 228.

The Court has considered the relationship between the fee award and the results obtained in this action, see Thorne, 802 F.2d at 1142, as well as the relevant Kerr factors alluded to in Defendants' opposition. Subtracting the two forms of fees that Plaintiff's counsel admitted should not have been included in its motion (totaling $7,276.50), Plaintiff's counsel is entitled to

9

$302,993.75 in fees. Plaintiffs' counsel further calculates reasonable adjustments to the issues raised—and inadequately substantiated—by the Eliades Defendants. Under this second revised calculation, Plaintiffs' counsel is entitled to $274,510.80 in fees.

The Court finds that under either revised calculation, presented by Plaintiffs' counsel in their reply in support of their motion, Plaintiffs' counsel is entitled to fees *greater* than $200,000.00. As the parties' Settlement Agreement caps the fees award at $200,000.00, the Court grants Plaintiffs' counsel the maximum fees award.

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Approval of a Fair Labor Standards Act ("FLSA") Settlement Agreement (ECF No. 238) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 239) is GRANTED. Plaintiff's Counsel is entitled to **$200,000.00** in fees and **$11,226.70** in costs.

DATED: March 17, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**